FILED

08/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0394

DA 23-0394

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 191N

DAN H. WOODARDS, JR.,

      Plaintiff and Appellant,

  v.

GARY WOODARDS, CAROL WOOD,
TERRI LASELL, BARBARA WOODARDS,
ESTATE OF DAN HOOVER WOODARDS,
SR., and ESTATE OF DORIS WOODARDS,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-20-385
Honorable Robert J. Whelan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David L. Vicevich, Lawrence E. Henke, Vicevich Law, Butte, Montana

      For Appellees:

      Liza L. Dennehy, Frank J. Joseph PC, Butte, Montana

                        Submitted on Briefs:  March 6, 2024

                                Decided:  August 27, 2024

Filed:

_____
                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dan Woodards (Dan) appeals a series of orders from the Second Judicial District Court, Butte-Silver Bow County, granting partial summary judgment to Gary Woodards et al. (collectively "Appellees"), which denied Dan's claim of a partnership, granted Appellees' request for sanctions against Dan, and, in accordance with the Uniform Partition of Heirs Property Act (UPHPA), § 70-29-403, MCA, ordered the valuation and partition for sale of four properties in the Butte area that are owned by the parties as tenants in common after inheriting at least a percentage of their individual interests from their parents. On appeal, Dan seeks vacatur of the District Court's orders, arguing that summary judgment was improper because issues of material fact relating to the existence of a partnership remained, the UPHPA does not apply, the sanctions were improperly requested and granted, and the District Court improperly issued its Order for Partition without allowing sufficient time for Dan to respond to that request. The Appellees answer that, due to the nature of the District Courts' orders, the appellate timeframe for each has expired, and Dan's appeal should therefore be dismissed.

¶3      According to the summary judgment record, the properties that would become disputed in this action began as portions of the "family ranch" that was initially owned by the parties' parents, Dan "Hoover" Woodards Sr. and Doris Woodards. Dan, Gary, Carol, Terri, and Barbara are their children. Hoover passed away in 1994, and in 2013, Doris deeded much of the ranch to Gary. Appellees' position was that, while Hoover was still alive, he and Gary were the primary caretakers of the ranch, and upon his death, Gary "continued to work, maintain, and attempt to grow" the ranch. Gary's role as the ranch's primary caretaker was the impetus for Doris to transfer most her rights in the ranch to him. Neither Dan nor any other of the parties contested or otherwise disputed the transfer to Gary at the time. The four parcels at issue in this case (the "remainder parcels") were not included in Doris' transfers to Gary. Doris passed away in 2016. None of Doris' testamentary devices addressed the distribution of the remainder parcels and, consequently, upon her death, the five siblings inherited the parcels and held them as tenants in common.[1] Dan has contended that, throughout the period of his family's operation of the ranch, he had "control and access" to the ranch, received payments based on the proceeds of the ranch, paid property taxes for the ranch, and aided in the ranch's operation in various ways.[2] The District Court determined that, from the record, no party has raised cattle on the remainder parcels in over ten years.

---

[1] The exact ownership interests held by the individual siblings varies from parcel to parcel depending on various transfers that occurred following the death of Doris.

[2] Dan asserted that early on he helped fund his father's purchase of cattle, and later he tracked land to lease, purchased mining claims, and purchased equipment and materials necessary for the ranch.

¶4     Dan filed this proceeding against the siblings and their parents' estates seeking dissolution of an alleged ranch partnership among he and the Appellees, claiming unjust enrichment, and requesting partition of the four remainder parcels owned in common by the siblings. Dan sought 100 percent equitable interest in each of the four contested properties on account of being "the only living person to have made any monetary contribution to the property." Dan's unjust enrichment claim was made against Gary for a share of the proceeds Gary received from leasing the properties over the years. In response, the Appellees contested both Dan's claim for unjust enrichment and the existence of any partnership, but consented to the partitioning of the remainder parcels. The Appellees eventually moved for partial summary judgment, arguing that no record evidence established either unjust enrichment or the existence of a partnership, and that under the UPHPA, partition was the only appropriate remedy for the remainder parcels. Dan cross-motioned for summary judgment regarding the existence of a partnership, and opposed the partitioning of the remainder parcels under the theory that the parcels belonged to the partnership and therefore exceeded the scope of the UPHPA.

¶5     The District Court's order of October 4, 2022, addressed the parties' motions for summary judgment and ruled in favor of Appellees. Regarding Dan's claim for unjust enrichment, the District Court ruled in the Appellees' favor because Dan "did not respond" to their motion for summary judgment on that claim. The District Court also ruled that no partnership existed because no party had ever informed any tax agencies as to a partnership's existence, no "accounting of partnership income or profits" was provided, and Dan had "fail[ed] to demonstrate even the bare existence of any enterprise from which

4

the parties agreed to share profits," and thus did not carry his summary judgment burden. The District Court also concluded that the remainder parcels fell squarely within the UPHPA as "Heirs property," § 70-29-402(5), MCA, and were therefore subject to partition. Dan did not appeal from this order.

¶6    The Appellees subsequently moved the District Court for a determination of the parcels' fair market values ahead of a partition. In this motion, the Appellees also requested that the District Court monetarily sanction Dan for failing to disclose evidence of a lease he had entered with a telecommunication company to place a communications tower on one of the remainder parcels, and failing to share the proceeds despite their joint ownership of the leased land. Dan failed to respond to Appellees' motion within the prescribed period after service, after which Appellees moved for summary judgment.[3] In its order of April 24, 2023, the District Court granted the Appellees' request for sanctions against Dan, established the remainder parcels' fair market value as $933,706.78, and set a 60-day time frame within which Dan needed to purchase Appellees' interests, or partition would occur. Dan did not appeal from this order.

¶7    After 60 days passed without Dan buying out the Appellees' interests, the Appellees moved for the partition sale of the remainder parcels. In an order dated July 14, 2023, the District Court granted Appellees' motion and ordered the engagement of a real estate broker to conduct the sale of the remainder parcels. Only at that point did Dan file an

---

[3] Dan initially objected to this motion for summary judgment before withdrawing his objection and requesting the vacatur of the forthcoming evidentiary trial.

5

appeal, challenging the October 4, 2022, April 24, 2023, and July 14, 2023 orders entered by the District Court.

¶8 "We review a district court's grant or denial of summary judgment de novo, applying the criteria of M. R. Civ. P. 56." *Merila v. Burke*, 2024 MT 4, ¶ 11, 415 Mont. 24, 541 P.3d 770. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). "We review de novo a District Court's interpretation of statute, determining whether the trial court's interpretation is correct." *State v. Christensen*, 2020 MT 237, ¶ 13, 401 Mont. 247, 472 P.3d 622. "We review a district court's discovery ruling for an abuse of discretion." *McCulley v. U.S. Bank*, 2015 MT 100, ¶ 22, 378 Mont. 462, 347 P.3d 247.

¶9 On appeal, Dan contends that the District Court erred when it: (1) concluded that no partnership existed, (2) applied the UPHPA to the remainder parcels, (3) monetarily sanctioned him, and (4) issued its July 14, 2023 order without allowing adequate time for Dan's response. In response, the Appellees argue that because the October 4, 2022 and April 24, 2023 orders were immediately appealable as partition orders, the thirty-day window to appeal them expired and, as such, are no longer appealable. The Appellees also contend that Dan was not entitled to additional time to respond to their motion for partition prior to the District Court's July 14, 2023 order beyond what he had already received. In reply, Dan argues that the October 4, 2022 order was not final "because additional rulings were necessary," and therefore it was not final and appealable.

6

¶10    "In civil cases, an aggrieved party may appeal from the following, provided that the order is the court's final decision on the referenced matter: . . . (i) From an order in a partition action directing or refusing to direct a partition to be made." M. R. App. P. 6(3). Likewise, "[i]n estate, guardianship, and probate matters, the following orders are considered final and must be appealed immediately, and failure to do so will result in waiver of the right to appeal: . . . (d) An order directing or refusing to direct the partition, sale, or conveyance of real property." M. R. App. P. 6(4). Regarding the time for appeal, "[i]n civil cases . . . the notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken." M. R. App. P. 4(5)(a)(i).

¶11    In the October 4, 2022 order, the District Court granted partial summary judgment to the Appellees on several issues, including for partition of the remainder parcels: "Defendants['] *motion that property be partitioned* under Mont. Code Ann. Title 70, Chapter 29, Part 4, the Uniform Partition of Heirs Property Act, *is hereby granted*." (Emphasis added.). The April 24, 2023 order then declared the fair value of the remainder parcels and ordered its partition if Dan did not buy out Appellees within 60 days: "If Plaintiff declines to purchase Defendants' interests or if after sixty (60) days this Court is not in receipt of the entire purchase price, the properties which are the subject of this matter shall be sold and division of the proceeds made between the Parties according to their rights." As orders directing that the property be partitioned, including within an estate proceeding, the District Court's orders of October 4, 2022, and April 24, 2023, both plainly fell within M. R. App. P. 6(4)(d), designating them as immediately appealable, but Dan did

7

not appeal either one. Indeed, Dan's insufficient engagement with the legal process has been a common theme in the proceeding, as both the October 4, 2022 order and the April 24, 2023 order granted Appellees' motions in part because of Dan's failure to timely respond. We therefore conclude that the issues contained within the October 4, 2022 and April 24, 2023 orders were not timely appealed and would be subject to dismissal, including the monetary sanction imposed against Dan, contained in the April 24, 2023 order.

¶12 Dan's appeal of the District Court's July 14, 2023 order is properly before this Court. However, we conclude there is no reversible error therein. Dan argues the District Court issued the order without allowing him sufficient time to object to the Appellees' July 13, 2023 motion. However, this argument misconstrues the procedural timeline. In its April 24, 2023 order, the District Court gave Dan 60 days to notify the court that he had acted to buy out the Appellees, or the partition would proceed. Thus, by the time of the District Court's July 14, 2023 order was entered, the 60-day timeline established had lapsed, and Dan had not filed any objections or other documents discussing any intention to buy out his siblings' shares in the properties. Upon Appellees' motion, the District Court appropriately ordered the partition to proceed by authorizing the engagement of a real estate broker in accordance with the UPHPA. The District Court did not owe Dan any additional time to respond to the Appellees' arguments beyond the opportunity during the preceding 60-day period.

¶13 Finally, Dan's contention that the District Court's award of attorney's fees was unsupported is not persuasive. Under the UPHPA, Title 70, chapter 29, parts 1 through 3

8

of the Montana Code Annotated remains applicable unless otherwise stated. Section 70-29-403(3), MCA. Section 70-29-218, MCA, states: "The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants for the common benefit, fees of referees, or other disbursements must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment." It was therefore within the District Court's discretion to grant Appellees' request for reasonable attorney's fees.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 Affirmed.

/S/ JIM RICE

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR